Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
Based upon the competent, credible evidence adduced at the hearing, the Full Commission adopts the following findings of fact as found by the Deputy Commissioner:
FINDINGS OF FACT
1. Plaintiff is a 33 year-old female with a tenth grade education.
2. On April 1, 1993 she became employed by defendant Reeves Brothers as a creel hand and in the same capacity as part of her duly assigned ordinary employment duties was responsible for moving boxes of roving to her spinning machine for creeling.
3. At approximately 7:00 p.m. on the Sunday, June 19, 1993 date in question plaintiff was involved in attempting to pull out a full box of roving for her machine when she experienced a knife like pain in her lower back and thereby a specific traumatic incident resulting in the disabling and otherwise compensable back injury giving rise hereto in the nature of a left-sided disc herniation at the L4-L5 level of her lumbosacral spine requiring that she twice undergo corrective back surgery.
4. On the same date plaintiff orally advised her immediate supervisor, Danny Phillips, of the involved back injury and in so doing has offered a reasonable excuse for any delay in submitting formal written notice thereof.
5. Despite her injury plaintiff returned to work on Monday and was able to work the entire next week through Friday.
6. Because of her resulting back and left leg pain plaintiff subsequently sought medical treatment at the Emergency Room of Cleveland Memorial Hospital and ultimately on June 28, 1993 came under the care of Dr. Injejikian, who she gave a history of sustaining a work-related back injury and he subsequently referred her to a neurosurgeon for surgery for her disc herniation, Dr. Michael D. Heafner of Charlotte Neurosurgical Associates.
7. In view of the fact that plaintiff was able to continue regularly working after her injury until ultimately seeking competent and continuing medical treatment, defendant-employer was not, by the manner of notice of injury received, prejudiced in its ability to provide plaintiff with prompt, competent and continuing medical treatment or to timely investigate the circumstances of her injury within a reasonable time following its occurrence.
8. On July 14, 1993 plaintiff was initially seen by Dr. Heafner with a history of having injured her back pulling a heavy box at work on June 19, 1993 and he performed corrective surgery two days later in the nature of a hemilaminectomy and microdiscectomy for her resulting left-sided L4-5 disc rupture.
9. Initially plaintiff improved following surgery, but her condition subsequently worsened when she experienced a recurrent disc herniation at the same level as a result of her June 19, 1993 back injury requiring her to undergo a repeat left-sided L4-L5 hemilaminectomy and microdiscectomy as well as a partial facetectomy.
10. Although she has neither reached maximum medical improvement and/or the end of the healing period from and following the injury by accident giving rise hereto and corrective surgeries necessitated thereby nor is she able to return to her regular creel hands job for defendant-employer; by February 24, 1994 with further surgery plaintiff's condition improved so that she was capable of returning to lighter work not requiring lifting more than 15 pounds or repetitive bending; however, defendant-employer has not provided the type of suitable lighter work required and plaintiff has been unsuccessful in finding suitable employment on her own because the job she attempted in Cherryville required the type of constant bending she is incapable of and she was unable to do it.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact the Full Commission makes the following
CONCLUSIONS OF LAW
1. On June 19, 1993 plaintiff sustained an injury by accident arising out of and in the course of her employment and as a result thereof has remained totally disabled since June 25, 1993 entitling her to compensation at a rate of $254.47 per week from June 25, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled.
2. Although she had neither then reached maximum medical improvement and/or the end of the healing period from and following the injury by accident giving rise hereto and corrective surgeries necessitated thereby nor was she able to return to her regular creel hands job for defendant-employer; by February 24, 1994 with the further surgery she underwent as a result of her injury plaintiff's condition improved so that she was capable of returning to lighter work not requiring lifting more than 15 pounds or repetitive bending; however, defendant-employer has not provided the type of suitable light work required and plaintiff has been unsuccessful in finding suitable employment on her own.
3. For the reasons stated in the above Findings of Fact plaintiff has complied with the notice of provisions of G.S. § 97-22.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff, on account of her continuing total disability, compensation at a rate of $254.47 per week from June 25, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled. Such compensation as has accrued hereunder shall be paid in lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. At this time a reasonable attorney fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the above award and forwarded directly thereto. For the balance of his fee defendant-carrier shall forward every fourth compensation check payable under the above award directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the June 19, 1993 injury by accident giving rise hereto, including as part thereof the corrective back surgeries she has undergone, when bills for the same are submitted on proper forms, through defendant-carrier, to the Industrial Commission for approval and are approved by the Commission.
4. Defendants shall bear the costs.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ JAMES J. BOOKER COMMISSIONER
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
BSB:md